IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KAREN LUNDREGAN, | |
| Plaintiff, | |
| v. | Civil Action No.: PJM-20-1242 |
| OFFICE OF PUBLIC AND INDIAN HOUSING DEPT. OF HOUSING AND URBAN AFFAIRS, *c/o Melody Taylor-Blancher* | (Related cases: PJM-19-1369 PJM-20-1241) |
| Defendant. | |

**MEMORANDUM OPINION**

On May 18, 2020, Plaintiff Karen Lundregan filed the above entitled complaint along with a Motion to Proceed in Forma Pauperis, which the Court now grants. For the reasons stated herein, the complaint must be dismissed.

Title 28 U.S.C. § 1915(a)(1) permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a Complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented.").

In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

Plaintiff alleges that Melody Taylor-Blancher, the Regional Director of the Office of Fair Housing for the Department of Housing and Urban Development in Philadelphia, Pennsylvania, has been "derelict in her duties" because she has not "efficiently and thoroughly" investigated Plaintiff's claims that the Housing Opportunities Commission (HOC) has violated Fair Housing laws in connection with a reasonable accommodation for Plaintiff's disability. ECF 1 at 7. She adds, that her "personal reasonable accommodation was sent by Ethan Cohen, via email over the internet, completely unencrypted." *Id.* As relief she seeks an injunction forcing "Ms. Taylor-Blancher and her OIG and OGC to convene an official meeting with [her] to review [her] documentation and to conduct a serious investigation of the HOC Department of Compliance." *Id.* at 8. Plaintiff makes very conclusory allegations that the HOC has violated "numerous laws" including "the Americans with Disabilities Act and other laws." *Id.* She does not provide a factual narrative describing the conduct underlying the alleged illegal acts.

Importantly, Plaintiff is currently litigating her claims against the HOC in a separate, related case. *See Lundregan v. Housing Opportunities Commission, et al.,* Civil Action PJM-19-1369 (D. Md.). To the extent there is a viable claim hidden in the vague allegations raised in her current complaint, Plaintiff's attempt to initiate an entirely separate legal proceeding involving the same or related parties and, presumably, related claims amounts to "claim splitting." "Like res judicata, claim splitting 'prohibits a plaintiff from prosecuting its case piecemeal, and requires that all claims arising out of a single wrong be presented in one action.' *Myers v. Colgate–Palmolive*

*Co.*, 102 F.Supp.2d 1208, 1224 (D. Kan. 2000)(internal citations omitted). Thus, when a suit is pending in federal court, a plaintiff has no right to assert another action 'on the same subject in the same court, against the same defendant at the same time.'" *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 452 F. Supp.2d 621, 626 (D. Md. 2006), *aff'd,* 273 F.App'x 256 (4th Cir. 2008) quoting *Curtis v. Citibank, N.A.,* 226 F.3d 133, 138–39 (2nd Cir. 2000).

Because the instant complaint states no discernible claim and likely involves claims closely related to Plaintiff's currently pending lawsuit, the complaint shall be dismissed by separate Order which follows.

5/26/20
Date

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

3